IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **BALBOA CAPITAL CORPORATION**<br>c/o Tucker Ellis LLP<br>950 Main Ave., Suite 1100<br>Cleveland, Ohio 44113<br><br>     *Plaintiff,*<br>   v.<br><br>**MOHAWK FINE PAPERS INC.,**<br>465 SARATOGA STREET<br>COHOES, NY, 12047<br><br>     *Defendant.* | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT** |

Plaintiff Balboa Capital Corporation ("Balboa"), by and through the undersigned counsel, for its Complaint against Defendant Mohawk Fine Papers, Inc. ("Mohawk" or "Defendant"), states as follows:

### PARTIES AND JURISDICTION

1. Balboa is a California corporation with its principal place of business in Costa Mesa, California. Balboa is the assignee of the subject Equipment Finance Agreement entered into by Verdant Commercial Capital, LLC ("Verdant") and Mohawk on or about February 6, 2023. A true and accurate copy of the Equipment Finance Agreement is attached hereto as Exhibit A.

2. Mohawk is a New York corporation with its principal place of business in Cohoes, New York.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Balboa and Defendant, and the amount in controversy exceeds $75,000.00.

4. Defendant consented to personal jurisdiction and venue by entering into the Equipment

Finance Agreement, which contains a forum-selection clause stating that "You [Mohawk] consent to the non-exclusive jurisdiction of courts located in Ohio in any action relating to this EFA [Equipment Finance Agreement]. You waive any objection based on improper venue and/or *forum non conveniens* and waive any right to a jury trial." (Exhibit A at ¶ 8).

5. The Equipment Finance Agreement also states that it shall be governed by, and construed in accordance with, the laws of the State of Ohio. (*Id.*)

6. This Court also has personal jurisdiction over the parties because the parties have sufficient minimum contacts with the Court's judicial district.

7. Venue is also proper pursuant to 28 U.S.C. § 1391(b).

## COUNT ONE
## BREACH OF CONTRACT – EQUIPMENT FINANCE AGREEMENT

8. Balboa incorporates the preceding paragraphs of this Complaint as if fully rewritten.

9. On or about February 6, 2023, Mohawk entered into the Equipment Finance Agreement with Verdant through which Mohawk financed air compressors and filters, together with attachments, tooling, appurtenances, and additions thereto (collectively the "Equipment") from Verdant pursuant to the terms set forth in the Equipment Finance Agreement. (Exhibit A).

10. Under the Equipment Finance Agreement, Mohawk agreed to finance the Equipment from Verdant for a term of thirty-six (36) months beginning on March 3, 2023, at a monthly rate of $3,635.03, and granted a security interest in the Equipment to Verdant.

11. Verdant perfected its security interest in the Equipment by filing a Form UCC 1 with the New York Secretary of State's office (File Number: 90768892). A true and accurate copy of the Form UCC-1 is attached hereto as Exhibit B.

12. On or about February 22, 2023—after the Equipment had already been selected and the terms of the transaction negotiated and agreed to by Verdant and Mohawk—Verdant assigned all of its

rights, title, and interest under the Equipment Finance Agreement to Balboa. A true and accurate copy of the Notice of Assignment is attached hereto as <u>Exhibit C</u>.

13. In this transaction, Balboa is a true holder in due course under Uniform Commercial Code Article 3-302. Balboa merely took an assignment of the transaction from Verdant and purchased the transaction from Verdant after the Equipment had already been selected and the terms of the transaction were negotiated between Defendant and Verdant. At no point did Balboa have any contact or any relationship whatsoever with Defendant, other than taking an assignment of the transaction.

14. Balboa has performed all of its obligations under the Equipment Finance Agreement and is entitled to payments from Mohawk.

15. Mohawk's last payment to Balboa was in March 2024.

16. Mohawk breached the Equipment Finance Agreement by failing to make monthly payments from April 2024 through present day.

17. Mohawk's non-payment of monthly payments constitutes a default under the terms of the Equipment Finance Agreement.

18. In accordance with the Equipment Finance Agreement, and as a proximate result of Mohawk's default thereunder, on May 29, 2024, Balboa declared the entire balance of the payments under the Equipment Finance Agreement to be immediately due and payable to Balboa.

19. Pursuant to the Equipment Finance Agreement, Balboa is entitled to recover all accelerated payments due under the Equipment Finance Agreement.

20. As of May 29, 2024, a total sum of $86,201.09 is owed to Balboa under the Equipment Finance Agreement. This amount is exclusive of late charges, interest, attorneys' fees, and costs, no portion of which has been paid by Mohawk.

21. Under the terms of the Equipment Finance Agreement, Mohawk is also liable to Balboa for

late charges on all payments not timely made.

22. Specifically, the Equipment Finance Agreement provides: "Any amount not paid when due is subject to a late charge of the lower of 10% of such amount or the highest amount allowed by law." (Exhibit A at ¶ 1).

23. The Equipment Finance Agreement also provides that Mohawk agrees to pay "interest on all past due amounts at the lower of 1.5% per month or the highest rate allowed by law." (*Id.* at ¶ 8).

24. As of May 29, 2024, Mohawk owes Balboa $86,201.09, plus late charges, plus interest at the rate of 18% per annum from May 29, 2024, plus all costs, expenses, and attorneys' fees incurred by Balboa in enforcing its rights under the Equipment Finance Agreement and in pursuing this action.

## COUNT TWO
## UNJUST ENRICHMENT

25. Balboa incorporates the preceding paragraphs of this Complaint as if fully rewritten.

26. Mohawk has been unjustly enriched by the acceptance of the Equipment without satisfying its payment obligations under the Equipment Finance Agreement to Balboa.

27. As a result, Balboa has been damaged in an amount of $86,201.09, plus late charges, plus interest at the rate of 18% per annum from May 29, 2024, plus all costs, expenses, and attorneys' fees incurred by Balboa in pursuing this action.

WHEREFORE, Balboa requests that judgment be entered in its favor and against Defendant as follows:

(A) That Balboa be awarded compensatory damages in an amount of $86,201.09, plus late charges, plus interest at the rate of 18% per annum from May 29, 2024;

(B) That Balboa be awarded all costs, expenses, and attorneys' fees incurred in enforcing its rights under the Equipment Finance Agreement and in pursuing this action; and

(C) That Balboa be awarded such other and further legal and/or equitable relief as this Court deems just and proper.

Respectfully submitted,

*s/ Izaak Horstemeier-Zrnich*
William Stavole (0040828)
Anna L. Gecht (0095689)
Izaak Horstemeier-Zrnich (0101085)
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Tel:     216.592.5000
Fax:    216.592.5009
E-mail:   william.stavole@tuckerellis.com
              anna.gecht@tuckerellis.com
              ihz@tuckerellis.com

*Attorneys for Plaintiff Balboa Capital Corporation*