IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BALBOA CAPITAL CORPORATION, | CASE NO.: 1:24-CV-350 |
| *Plaintiff,* | JUDGE MATTHEW WALDEN MCFARLAND |
| v. | |
| MOHAWK FINE PAPERS INC., | MAGISTRATE JUDGE KAREN L. LITKOVITZ |
| *Defendant.* | **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT MOHAWK FINE PAPERS INC.** |

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and Local Rule 55.1, Plaintiff Balboa Capital Corporation ("Balboa"), by and through the undersigned counsel, respectfully moves the Court to enter default judgment against Defendant Mohawk Fine Papers Inc. ("Mohawk").

As set forth more fully in the attached Memorandum in Support and the Affidavit of Marisa Poulos, Balboa filed this action against Defendant on June 26, 2024. (Doc. 1.) Mohawk was served via its statutory agents, Cogency Global, Inc., and GKL Corporate/Search, Inc., on July 30, 2024, making Mohawk's responsive pleading due on or before August 20, 2024. (Doc. 9.)

After failing to appear, plead, or otherwise defend against the claims brought against it, the Clerk of Court entered default against the Defendant on August 23, 2024. (Doc. 11.) As of this filing, Mohawk has not appeared, filed a responsive pleading, or taken any other action to defend against this lawsuit. Balboa is now entitled to judgment in its favor.

Therefore, Balboa respectfully asks the Court to enter default judgment against Mohawk and in favor of Balboa on all Counts of the Complaint with an express finding that Mohawk is liable to Balboa as follows:

   (i)  Money damages in the amount of $86,201.09, plus late charges, plus interest at the rate of 18% per annum from May 29, 2024;

   (ii)  Attorneys' fees incurred through September 27, 2024 in the amount of $7,241.50;

   (iii)  Costs incurred through September 27, 2024 in the amount of $410.50;

   (iv)  Additional costs, expenses, and attorneys' fees incurred to prepare and file this Motion and to enforce and collect the judgment; and

   (v)  Such other relief to which Balboa may be entitled.

  A Proposed Order is being submitted to the Court contemporaneously with the filing of this Motion.

Respectfully submitted,

*/s/ Izaak Horstemeier-Zrnich*
William Stavole (0040828)
Anna L. Gecht (0095689)
Izaak Horstemeier-Zrnich (0101085)
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Tel: 216.592.5000
Fax: 216.592.5009
E-mail: william.stavole@tuckerellis.com
    anna.gecht@tuckerellis.com
    ihz@tuckerellis.com

*Attorneys for Plaintiff Balboa Capital Corporation*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT AGAINST DEFENDANT
MOHAWK FINE PAPERS INC.**

## I. INTRODUCTION

Despite being served with the Summons and Complaint, Defendant Mohawk Fine Papers Inc. ("Mohawk") has failed to appear, plead, or otherwise defend against this lawsuit within the time permitted to do so. The Clerk has already entered default against Defendant. (Doc. 11.) Balboa now asks this Court to enter default judgment against Mohawk.

## II. BACKGROUND

As a result of Mohawk's default, entered by the Clerk on August 23, 2024 (Doc. 11), the following facts as set forth in Balboa's Complaint[1] are established:

On June 26, 2024, Balboa filed this action against Mohawk arising out of Mohawk's failure to make monthly payments under an Equipment Finance Agreement (as defined in the Complaint). (*See generally* Doc. 1, Compl.; *see also* Doc. 1-1, Equipment Finance Agreement.) Specifically, under the Equipment Finance Agreement, Mohawk agreed to finance certain air compressors and filters, together with attachments, tooling, appurtenances, and additions thereto (collectively the "Equipment") for a term of thirty-six (36) months beginning on March 3, 2023, at a monthly rate of $3,635.03. (Doc. 1, Compl. ¶¶ 9-10 ; *see also* Doc. 1-1, Equipment Finance Agreement.) Mohawk failed to make any payments from April 2024 through present day, which constitutes a default under the Equipment Finance Agreement. (Doc. 1, Compl. ¶¶ 16-17; *see also* Affidavit of Marisa Poulos ("Poulos Aff.") ¶ 4, attached hereto as **Exhibit 1**.)

On May 29, 2024, following default by Mohawk, Balboa declared the entire balance of the payments under the Equipment Finance Agreement to be immediately due and payable to Balboa.

---

[1] Balboa incorporates the allegations set forth in its Complaint as if fully rewritten herein.

(Doc. 1, Compl. ¶ 18; *see also* Poulos Aff. ¶ 6.) To date, Mohawk has failed to make any payments to Balboa to cure the default. (Poulos Aff. ¶ 4.) Meanwhile, Balboa has performed all of its obligations under the equipment finance agreement. (Poulos Aff. ¶ 7.)

Pursuant to the Equipment Finance Agreement, upon default, Mohawk is liable for past due amounts and all accelerated payments, plus late charges, plus interest at the rate of 18% per annum from May 29, 2024, plus all costs, expenses, and attorneys' fees incurred by Balboa in enforcing its rights under the Equipment Finance Agreement and in pursuing this action. (Doc. 1, Compl. ¶¶ 19-24; Doc. 1-1, Equipment Finance Agreement ¶¶ 1, 7-8 ; *see also* Poulos Aff. ¶ 5.)

Balboa filed suit against Mohawk on June 26, 2024 (Doc. 1.) Mohawk was served via its statutory agents, Cogency Global, Inc., and GKL Corporate/Search, Inc., on July 30, 2024, making its responsive pleading due on or before August 20, 2024. (Doc. 9). Despite proper service of the Summons and Complaint, Mohawk has failed to appear, plead, or otherwise defend against this lawsuit. (Doc 10.) The Clerk of Court entered default against Mohawk on August 23, 2024. (Doc. 11.) Balboa's Complaint seeks money damages against Mohawk for the breach of the Equipment Finance Agreement, plus late charges, interest at the rate of 18% per annum from May 29, 2024, plus costs, expenses, and attorneys' fees. (Doc. 1, Compl. at p. 4.)

As of September 27, 2024, Mohawk owes Balboa monetary damages in the amount of $86,201.09, plus late charges, plus interest at the rate of 18% per annum from May 29, 2024. (Poulos Aff. ¶ 8.) Mohawk is also liable to Balboa for costs incurred through September 27, 2024, in the amount of $410.50 and attorneys' fees incurred through September 27, 2024 in the amount of $7,241.50 (Poulos Aff. ¶¶ 9-10), plus additional costs, expenses, and attorneys' fees incurred to prepare and file this Motion and to enforce and collect the judgment Poulos Aff. ¶ 11.).

2

**III.     LAW & ARGUMENT**

Default judgment should be entered against Mohawk and in favor of Balboa. The entry of a default judgment is a two-step process. The Clerk first enters default under Rule 55(a) of the Federal Rules of Civil Procedure when a party fails to "plead or otherwise defend" against a judgment for affirmative relief. Fed. R. Civ. P. 55(a). Then, when the "claim is for a sum certain or a sum that can be made certain by computation", the Court, upon a motion for default judgment, "must enter judgment for that amount and costs against a defendant who has defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b); *see also* L.R. 55.1(b).

Here, the Clerk of Court entered default against Mohawk on August 23, 2024. (Doc. 11.) Balboa now moves for default judgment against Mohawk. Specifically, Balboa seeks monetary damages in the amount of $86,201.09, plus late charges, plus interest at the rate of 18% per annum from May 29, 2024, plus costs incurred through September 27, 2024, in the amount of $410.50 and attorneys' fees incurred through September 27, 2024 in the amount of $7,241.50 (Poulos Aff. ¶¶ 8-10), plus additional costs, expenses, interest, and attorneys' fees incurred to prepare and file this Motion and to enforce and collect the judgment.

Mohawk is a corporate defendant (Doc. 1, Compl. ¶ 2.) Accordingly, default judgment should be entered against Mohawk and in favor of Balboa.

**IV.     CONCLUSION**

For the reasons set forth herein, Balboa respectfully asks the Court to enter default judgment against Defendant Mohawk and in favor of Balboa on both Counts of the Complaint with an express finding that Mohawk is liable to Balboa as follows:

(i)     Money damages in the amount of $86,201.09, plus late charges, plus interest at the rate of 18% per annum from May 29, 2024;

3

(ii) Attorneys' fees incurred through September 27, 2024 in the amount of $7,241.50;

(iii) Costs incurred through September 27, 2024 in the amount of $410.50;

(iv) Additional costs, expenses, and attorneys' fees incurred to prepare and file this Motion and to enforce and collect the judgment; and

(v) Such other relief to which Balboa may be entitled.

Respectfully submitted,

*/s/ Izaak Horstemeier-Zrnich*
William Stavole (0040828)
Anna L. Gecht (0095689)
Izaak Horstemeier-Zrnich (0101085)
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Tel: 216.592.5000
Fax: 216.592.5009
E-mail: william.stavole@tuckerellis.com
anna.gecht@tuckerellis.com
ihz@tuckerellis.com

*Attorneys for Plaintiff Balboa Capital Corporation*

4

## **PROOF OF SERVICE**

A copy of the foregoing was filed electronically on October 9, 2024. Service of this filing will be made pursuant to Fed. R. Civ. P. 5(b)(2)(c) by mailing it by United States mail to:

MOHAWK FINE PAPERS INC.,
via the following Registered Agents:

>Cogency Global, Inc.
>45 School Street
>Suite 202
>Boston, MA  02108
>
>GKL Corporate/Search, Inc.
>c/o Matthew Clint Congdon
>One Capital Mall
>Suite 660
>Sacramento, CA  95814
>
>GKL Corporate/Search, Inc.
>c/o Leo Daniel Leal
>One Capital Mall
>Suite 660
>Sacramento, CA  95814

/s/ Izaak Horstemeier-Zrnich
Izaak Horstemeier-Zrnich (0101085)
*One of the Attorneys for Plaintiff*
*Balboa Capital Corporation*